UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JUAN CORTEZ,

                                    Plaintiff,           **COMPLAINT**

      -against-

THE CITY OF NEW YORK, POLICE OFFICER
ROBERT CORWIN (tax # 951638), POLICE OFFICER    Jury Trial Demanded
AARON LOHMAN (tax # 942071), POLICE OFFICERS
JOHN DOES 1-5,

                                  Defendants.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

      1.     This is a civil rights action in which the plaintiff alleges that the City of New York and several New York City Police Officers violated his rights under 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution by illegally stopping, seizing and searching him, unlawfully strip searching him, falsely arresting him and fabricating evidence against him. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

      2.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

      3.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in this District and because the incident in question occurred in this District.

**JURY TRIAL**

4. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

**PARTIES**

5. Plaintiff is a resident of the State of New York.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. The individual defendants are members of the NYPD. The individual defendants acted under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein. The individual defendants are sued in their individual capacities.

**STATEMENT OF FACTS**

8. On August 25, 2015, at approximately 6:00 p.m., plaintiff was a rear seat passenger in a car driven by his cousin Raul Ramos, who was making a delivery of grocery store products for the company he worked for at the time, Five Star Tobacco. Sitting in the front passenger seat was plaintiff's other cousin Juan Ramos.

9. When the car was at a red light at the intersection of 62nd Street and Woodside Avenue in Queens, New York City Police Officers Robert Corwin and Aaron Lohman and other plainclothes officers of the 108th Precinct (the "defendants") stopped the vehicle for no reason and seized and searched plaintiff without legal justification.

10. Nothing illegal was found on plaintiff.

11. The defendants searched Raul and Juan Ramos and the car and recovered a marijuana cigarette and an alleged gravity knife in the center console.

12. Juan Ramos told the defendants that marijuana belonged to him and Raul Ramos admitted that the knife belonged to him and that he used it to cut boxes at his job.

13. Defendants placed all three men under arrest.

14. The arrest of plaintiff was not predicated on probable cause because: (a) Raul and Juan Ramos informed the defendants that the contraband belonged to them, (b) no contraband was found in plaintiff's possession, near plaintiff, within plaintiff's dominion and control or in plain view, and (c) defendants had no evidence that plaintiff knew that there was a knife or marijuana in the car.

15. After placing plaintiff under arrest, defendants, acting in concert, illegally strip searched plaintiff in a public place near a police vehicle by looking inside plaintiff's pants and underwear and making contact with plaintiff's genital area and buttocks.

16. Again, the defendants found nothing illegal on plaintiff.

17. The aforesaid strip search was illegal because defendants had no evidence that plaintiff had committed a crime, they lacked reasonable suspicion that plaintiff was secreting contraband, they were not placing plaintiff in a general jail population at the time of the search, and there existed no emergency that justified strip searching plaintiff in public.

18. The defendants took plaintiff and Juan and Raul Ramos to the 108th Precinct.

19. In the 108th Precinct, Officer Robert Corwin, with the approval and acquiescence of the other defendants, falsely charged plaintiff with possession of a weapon and possession of marijuana.

20. Plaintiff was subsequently transported to Queens Central Booking.

21. While plaintiff was in custody, Officer Robert Corwin, with the approval and acquiescence of the other defendants, misrepresented to the Queens County District Attorney's Office that plaintiff was found in possession of a weapon and marijuana and that the contraband was found on top of the center console rather than inside the console.

22. In furtherance of having plaintiff prosecuted, Officer Robert Corwin, with the approval and acquiescence of the other defendants, caused the creation of a criminal court complaint falsely charging plaintiff with possession of a weapon and possession of marijuana and misrepresenting that the contraband was found on top of the center console rather than inside the console.

23. On August 26, 2015, approximately 24 hours after plaintiff's arrest, plaintiff was arraigned in Criminal Court, Queens County, and released on his own recognizance. The judge directed plaintiff to return to criminal court on October 28, 2015.

24. Plaintiff made a total of three court appearances after his arraignment until February 10, 2016, when the false charges filed against plaintiff were adjourned in contemplation of dismissal pursuant to N.Y.C.P.L. §170.55.

25. Defendants' illegal conduct as described above caused plaintiff to suffer emotional distress, humiliation, embarrassment, fear, anxiety, substantial inconvenience, a loss of liberty and the pains of incarceration.

## FIRST CLAIM

### (§ 1983; FALSE ARREST AND ILLEGAL SEARCH AND SEIZURE)

(Against All Defendants)

26. Plaintiff repeats the foregoing allegations.

27. Defendants, acting under color of state law, unlawfully stopped and seized plaintiff, illegally searched plaintiff and falsely arrested plaintiff in violation of § 1983 and the Fourth Amendment.

28 Defendants intended to confine the plaintiff, plaintiff was conscious of his confinement, plaintiff did not consent to his confinement, and plaintiff's confinement was not privileged or lawful.

29. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

30. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## SECOND CLAIM

### (§ 1983; ILLEGAL STRIP SEARCH)

(Against All Defendants)

31. Plaintiff repeats the foregoing allegations.

32. Defendants, acting under color of state law, illegally strip searched plaintiff in public at the scene of his arrest in violation of § 1983 and the Fourth Amendment.

33. Defendants had no evidence that plaintiff had committed a crime, they lacked reasonable suspicion that plaintiff was secreting contraband, they were not placing plaintiff in a general jail population at the time of the search, and there existed no emergency that justified strip searching plaintiff in public.

34. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

35. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## THIRD CLAIM

### (§ 1983; FABRICATION OF EVIDENCE)

(Against All Defendants)

36. Plaintiff repeats the foregoing allegations.

37. Defendants, acting under color of state law, maliciously misrepresented to prosecutors that plaintiff had violated the law and that contraband was found in plain view in the vehicle in which plaintiff was a passenger in violation of § 1983, plaintiff's right to a fair trial under the Sixth Amendment and plaintiff's right to due process under the Fourteenth Amendment.

38. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

39. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## FOURTH CLAIM

### (§ 1983; FAILURE TO INTERVENE)

(Against All Defendants)

40. Plaintiff repeats the foregoing allegations.

41. Defendants, while acting under color of state law, had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights under the Fourth, Sixth and Fourteenth Amendments, but they failed to fulfill their constitutional obligation to intervene.

42. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

43. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## FIFTH CLAIM

## (§ 1983; MUNICIPAL LIABILITY)

(Against the City of New York)

44. Plaintiff repeats the foregoing allegations.

45. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

46. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

47. Upon information and belief, the City of New York, at all relevant times, was on notice from civilian complaints and lawsuits and from the observations of its own officials that the defendants are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct, and/or have been inadequately trained.  In fact, Officer Aaron Lohman has been sued numerous times for police misconduct in the United States District Courts for the Southern and Eastern Districts of New York.  The other officers involved in the incident, most of whom are presently unidentified, may have also been defendants in federal and state lawsuits alleging police misconduct.

48. Despite having the aforesaid knowledge, the City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly investigate the prior allegations of police misconduct made against the defendants and failed to properly

train, retrain, supervise, discipline, counsel and monitor the defendants after the complaints of misconduct were made.

49. The City of New York's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

50. The City of New York's conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

51. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

WHEREFORE, plaintiff requests the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Attorney's fees and costs;

d. Such other and further relief as the Court may deem just and proper.

DATED: March 17, 2016

_____/s/_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391

IZABEL OLSZOWA GARCIA
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-4734
(646) 239-4330