UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JUAN CORTEZ,

                                          Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER ROBERT CORWIN (tax # 951638), POLICE OFFICER AARON LOHMAN (tax # 942071), SERGEANT MATEUSZ TKACZUK (tax # 946329), POLICE OFFICER JOHN MISZUK (tax # 952022), POLICE OFFICER MACIEJ KOTLOWSKI (tax # 943448),

                                          Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE AMENDED COMPLAINT ON BEHALF OF DEFENDANTS MATEUSZ TKACZUK, JOHN MISZUK and MACIEJ KOTLOWSKI**

16-CV-1346 (ERK) (SMG)

JURY TRIAL DEMANDED

        Defendants Mateusz Tkaczuk, John Miszuk and Maciej Kotlowski (collectively, "defendants"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the Amended Complaint ("Complaint"), respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        3.     Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to base venue as stated therein.

        4.     Paragraph "4" of the Complaint is a demand for a trial by jury and requires no response.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

6. Admit the allegations set forth in paragraph "6" of the Complaint.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit that defendants Tkaczuk, Miszuk and Kotlowski are employed as officers of the New York City Police Department ("NYPD").  Additionally, "acted under color of state law and within the scope of their employment" sets forth conclusions of law, rather than averments of fact, to which no response is required.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint, except admit that Raul Ramos was driving the car, Juan Ramos was seated in the front passenger seat of the car, and plaintiff was in the rear passenger seat of the car.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that the car plaintiff was traveling in was stopped.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that no contraband was found on plaintiff's person.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the location of the gravity knife and marijuana cigarette, and admit that a gravity knife and marijuana cigarette were recovered from the car.

12. Deny the allegations set forth in paragraph "12" of the Complaint.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that plaintiff, Raul Ramos, and Juan Ramos were arrested.

14. Deny the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that no contraband was found on plaintiff's person.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint, except admit that plaintiff was taken to the 108th Precinct.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint, except admit that plaintiff was taken to Queens Central Booking.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's next court date, and admit that plaintiff was released on his own recognizance.

24. Deny the allegations set forth in paragraph "24" of the Complaint, except admit that plaintiff eventually received an adjournment in contemplation of dismissal.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. In response to the allegations set forth in paragraph "26" of the Complaint, defendants repeat and reallege the responses set forth in the foregoing paragraphs.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. In response to the allegations set forth in paragraph "31" of the Complaint, defendants repeat and reallege the responses set forth in the foregoing paragraphs.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. In response to the allegations set forth in paragraph "36" of the Complaint, defendants repeat and reallege the responses set forth in the foregoing paragraphs.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. In response to the allegations set forth in paragraph "40" of the Complaint, defendants repeat and reallege the responses set forth in the foregoing paragraphs.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. In response to the allegations set forth in paragraph "44" of the Complaint, defendants repeat and reallege the responses set forth in the foregoing paragraphs.

45. Deny the allegations set forth in paragraph "45" of the Complaint; insofar as it contains conclusions of law, no response is required.

    46. Deny the allegations set forth in paragraph "46" of the Complaint.

    47. Deny the allegations set forth in paragraph "47" of the Complaint. Defendants further state that citations to unrelated actions, premised on different sets of factual allegations, does not support an inference regarding the purported existence of unconstitutional customs and policies. See <u>Simms v. City of New York</u>, 480 F. App'x 627 (2d Cir. 2012); <u>see also</u> <u>Hickey v. City of New York</u>, No. 01 Civ. 6506 (GEL), 2004 U.S. Dist. LEXIS 23941, at *72 (S.D.N.Y. Nov. 29, 2004). Defendants further object to and deny the statement that the City recognized the lawsuits against defendants had merit and settled them on that basis. See FED. R. EVID. 408(a)(1) ("Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim . . . (1) furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim.").

    48. Object to and deny the embedded assertion regarding the City "having the aforesaid knowledge" and being "deliberate[ly] indifferent by failing to take remedial action" and deny the remaining allegations set forth in paragraph "48" of the Complaint. Defendants further state that citations to unrelated actions, premised on different sets of factual allegations, does not support an inference regarding the purported existence of unconstitutional customs and policies. See <u>Simms v. City of New York</u>, 480 F. App'x 627 (2d Cir. 2012); <u>see also</u> <u>Hickey v. City of New York</u>, No. 01 Civ. 6506 (GEL), 2004 U.S. Dist. LEXIS 23941, at *72 (S.D.N.Y. Nov. 29, 2004) ("The Court cannot . . . take judicial notice of a number of highly-publicized episodes of alleged police abuse or brutality, assume without any evidentiary record that these episodes all involved wrongful police behavior and a failure to investigate or punish such behavior, and extrapolate from those assumptions an effect on the present episode.").

- 6 -

49.	Deny the allegations set forth in paragraph "49" of the Complaint.

50.	Deny the allegations set forth in paragraph "50" of the Complaint.

51.	Deny the allegations set forth in paragraph "51" of the Complaint.

52.	No response is required to the section of the Complaint entitled "WHEREFORE," including any of its subparts, as it is not an averment of fact.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

53.	The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

54.	Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have they violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

55.	Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, or the culpable or negligent conduct of a third party, and was not the proximate result of any acts of defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

56.	To the extent plaintiff is alleging state law claims, he may have failed to comply with N.Y. GEN. MUN. LAW §§ 50-e, 50-h, and 50-i.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

57.	There was probable cause for the arrest, detention, and prosecution of plaintiff.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

58. Plaintiff cannot obtain punitive damages as against the individual defendants in their official capacities.

**AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:**

59. Plaintiff's claims may be barred, in whole or in part, because he may have failed to comply with conditions precedent to suit.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:**

60. Plaintiff's claims may be barred, in whole or in part, by the applicable limitations period.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

61. Plaintiff may have failed to mitigate his damages.

**AS AND FOR AN TENTH AFFIRMATIVE DEFENSE:**

62. Defendants Tkaczuk, Miszuk and Kotlowski have not violated any clearly established constitutional or statutory rights of which a reasonable person should have known and therefore are protected by qualified immunity.

**AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE:**

63. This action may be barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, and/or judicial estoppel.

**WHEREFORE,** defendants Mateusz Tkaczuk, John Miszuk and Maciej Kotlowski request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
            December 7, 2016

                                   ZACHARY W. CARTER
                                   Corporation Counsel of the
                                   City of New York
                                   *Attorney for Defendants*
                                   100 Church Street
                                   New York, New York 10007
                                   (212) 356-3540


                              By:      /s/
                                   ELISSA B. JACOBS
                                   Senior Corporation Counsel
                                   Special Federal Litigation Division


To:    <u>VIA ECF</u>
       Izabel Olszowa Garcia
       Law Office of Izabel O. Garcia
       26 Court Street
       Suite 1815
       Brooklyn, NY 11242

       Richard J. Cardinale
       The Law Firm of Richard J. Cardinale
       26 Court Street
       Suite 1815
       Brooklyn, NY 11242